MOORE, Chief Justice
(dissenting).
I respectfully dissent from the denial of certiorari review in this case. Mr. Thompson did agree to pay his children’s in-state college expenses in the original divorce judgment entered in 1986, but to now require Mr. Thompson to repay his daughter’s college loans misconstrues the judgment and allows for unjust enrichment by the daughter, if not by Mrs. Thompson.
First, the divorce judgment specifically required Mr. Thompson to pay “in-state college expenses for both children, ... provided, however that arrangement for payment of said expenses shall be made directly between the Husband and said minor child.” Paying college loans and paying college “expenses” are two distinctly different things. The trial court erred in fusing the two and reading the divorce judgment to include college loans, when it speaks only of college expenses.
We have no evidence indicating that the daughter spent the loan proceeds' on the items listed in the divorce judgment as college expenses. In fact, Mr. Thompson, in the statement of facts in his' petition, tells us that Mrs. Thompson offered no “evidence of specific amounts for college expenses listed in paragraph 7 (tuition, books, food, lodging and clothes), for which Mr. Thompson could have been responsible under the [judgment] during [the daughter’s] college years, 1990-1994.” (Petition, p. 18.) This statement is, admittedly, a one-sided account of the trial, but *723 we have nothing to refute it. In fact, we know that the amount of the college expenses and the amount of the college loans are not exactly equivalent because the loan amounts includes capitalized interest and penalties the daughter incurred for failing to pay the loans in a timely fashion.
This leads to the second problem: the timing of the lawsuit. It seems that Mrs. Thompson and her daughter decided to seek funds from Mr. Thompson only after they realized that they could not handle the debt created by the college loans. The daughter completed college in 1994, but Mrs. Thompson did not institute a suit to compel payment of Anna’s “college expenses” until 1999. At no time during the daughter’s college career or in the five years before the lawsuit did the daughter contact her father to discuss the expenses issue, even though the divorce judgment stipulates that the arrangement for paying those expenses was to be worked out between Mr'. Thompson and his daughter. Mr. Thompson had no reason to believe that his daughter wanted him to pay her college expenses when nine years had elapsed between her beginning college and the institution of the suit.
During the intervening five years, the daughter continually deferred payment on her loans, incurring penalties for each deferral. Mr. Thompson was not notified of the existence of the loans or of the delays in repayment until the filing of the lawsuit. Only after the debt had grown to over $33,000 (including loans in default) did Mrs. Thompson institute the suit against Mr. Thompson. No request was made of Mr. Thompson during his daughter’s college years, nor was an action instituted during those years to force Mr. Thompson to live up to the stipulations of the divorce judgment on this issue.
In my view, these points render the trial court’s decision at least questionable, making a look at the record worthwhile. I also question whether requiring support for a child’s college education can be extended past the age of majority, absent a legislative enactment. Nevertheless, in this case Mr. Thompson agreed to the postminority support in the divorce judgment; he did not challenge the legality of requiring such support. Therefore, that issue is not before this Court at this time. I would grant certiorari review in this case; therefore, I dissent.